UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH ANN SHAW, | Case No. 2:20-cv-02296-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 27] |
| KILOLO KIJAKAZI, | |
| Defendant(s). | |

Pending before the Court is an unopposed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Docket No. 27. Courts have an independent obligation to assess the reasonableness of fees sought under the EAJA, even when there is no opposition lodged to them. *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020) (collecting cases). Because the instant motion provides insufficient support for the fees requested, it is DENIED without prejudice.

A renewed fee request must provide appropriate evidentiary support as to the prevailing hourly rate in this community. *See Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009).[1] In addition, the renewed request must provide meaningfully developed argument on the following:

> (1) whether the hours expended were reasonable in light of the circumstances of this case, *see Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008);

---

[1] The fee applicant bears the burden of satisfying that standard through submission of "satisfactory evidence—in addition to the attorney's own affidavits." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Courts have identified a variety of additional evidence that may suffice. *See, e.g.*, *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (indicating that potential evidence would include affidavits of other attorneys regarding prevailing fees in the community and "rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney").

1

(2) whether the hourly rate sought is in-line with the prevailing market rate in this District for the kind and quality of services provided, *see Nadarajah*, 569 F.3d at 916; and

(3) if an upward adjustment to the EAJA's rate cap is requested, why the Court should exercise its discretion to provide such adjustment, *see Sorenson v. Mink*, 239 F.3d 1140, 1148-49 (9th Cir. 2001) ("District courts *may* adjust that fee to compensate for an increase in the cost of living" (emphasis added)).

Any renewed request for EAJA fees must be filed by February 11, 2022.

IT IS SO ORDERED

Dated: January 24, 2022

_____
Nancy J. Koppe
United States Magistrate Judge